UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLENN GALVAN,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:15-cv-00632-MMD-VPC<br><br>ORDER |

## I. SUMMARY

Before the Court are the following motions: (1) Defendants Mortgage Electronic Registration Systems ("MERS") and Deutsche Bank National Trust Company's ("the Bank") Motion for Summary Judgment ("Defendants' Motion for Summary Judgment") (ECF No. 38); (2) Plaintiff Glenn Galvin's Motion for Summary Judgment (ECF No. 41); (3) Defendants' Motion to Strike Untimely Motion For Summary Judgment ("Motion to Strike") (ECF No. 43); (4) Plaintiff's Motion to Strike Portions of the Defendants' Summary Judgment and/or the Entire Document (ECF No. 45); (5) Plaintiff's Motion for Leave to File Supplemental Brief (ECF No. 61); (6) Defendants' Motion for Leave to Submit Supplemental Briefing on Their Motion for Summary Judgment ("Motion to Supplement") (ECF No. 63); and (7) Plaintiff's Motion for Stay in the State Court Proceedings (ECF No. 65). The Court has review the responses and replies relating to these motions. For the reasons discussed below, Defendants' Motion to Supplement and Motion for Summary Judgment are granted, and the remaining motions are denied.

## II. RELEVANT BACKGROUND

### A. Relevant Facts

The following facts are taken from the Complaint and the documents attached to Defendants' Motion for Summary Judgment. Plaintiff is the owner of real property located at 7866 Morgan Point Circle in Reno, Nevada ("the Property"). (ECF No. 9 at 2.) In December 2005, he obtained a loan ("Loan") from MILA, Inc. ("MILA") secured by a Deed of Trust ("DOT") on the Property. (ECF No. 9 at 5; ECF No. 38-1.) The DOT identifies MERS as the nominee for MILA. (ECF No. 38-2.)

The Loan was allegedly sold and transferred several times since origination between 2005 to 2012. (ECF No. 9 at 2, 5.) In particular, on April 22, 2010, an assignment of the DOT was recorded by MERS as nominee for MILA in favor of Aurora Loan Services, LLC ("Aurora"). (ECF No. 38-3.) This assignment ("Assignment) was recorded on May 4, 2010. (*Id.*) On October 11, 2012, Aurora assigned the DOT to Nationstar Mortgage ("Nationstar"). (ECF No. 38-6.)

Plaintiff alleges the Assignment is fraudulent. (ECF No. 9 at 5.) According to Plaintiff, Theodore Schultz signed the affidavit on the Assignment as "VP Mortgage Electronic Registration Systems" when he was an employee of Aurora and therefore lacked authority to execute the Assignment. (*Id.* at 6, 8.) Based primarily on his allegations that the Assignment is fraudulent, Plaintiff asserts four state law claims for statutory concealment of a material fact, fraudulent concealment, aiding and abetting another's breach of fiduciary duty, and constructive fraud. (*Id.* at 9-19.)

### B. Related State Court Case

Plaintiff asserts that "[t]his case arises from the 'Judicial Foreclosure' in the state court cv12-02785." (ECF No. 9 at 3.) The state court case involved Nationstar's judicial foreclosure action against Plaintiff in the Second Judicial District Court of Nevada ("Foreclosure Case") filed in November 2012.[1] On December 28, 2012, Plaintiff filed an

---

[1] On May 7, 2013, Plaintiff filed a complaint in this court which was assigned case no. 3:13-cv-234-MMD-WGC ("Federal Case). (Federal Case, ECF No. 1.) He asserted

Amended Answer and Counterclaims. (Federal Case, ECF No. 9-1.) He challenged the assignments of the DOT to Nationstar as fraudulent, among other claims. (ECF No. 63-2 at 4.)

On February 21, 2017, the state court granted summary judgment in favor of Nationstar[2]. (ECF No. 63-2.) In doing so, the court found that the assignments of the DOT gave National the right to foreclose on the Property. (*Id* at 9.) In addressing Plaintiff's claim that the assignments are fraudulent, the court found that Plaintiff lacked standing to challenge the assignments and fraud in connection with the assignments is not a valid defense to a judicial foreclosure claim." (*Id.*)

## III.  PLAINTIFF'S MOTIONS

Two of Plaintiff's motions raise threshold issues that the Court will address first. Plaintiff moved to strike Defendants' Motion for Summary Judgment, asking that the Court strike documents or Defendants' entire Motion because some of the documents purportedly placed MERS' existence into question and Defendants' Motion was based on documents "signed by the tortfeasor in this case, Nationstar Mortgage." (ECF No. 45 at 2.) Plaintiff's motion is without merits. Even accepting Plaintiff's claim that the documents purportedly placed in question the assignments of the DOT to Nationstar, such contention is not sufficient to deprive Defendants of the ability to seek summary judgment. Plaintiff's motion to strike (ECF No. 45) is denied.

Plaintiff asked the Court to stay the Foreclosure Case. (ECF No. 65.) Plaintiff's motion is rendered moot by the entry of summary judgment in the Foreclosure Case. Moreover, the Court agrees with Defendants that Plaintiff has presented no legal grounds for this Court to enjoin a state court action initiated several years before this case was

---

claims against the Bank, MERS, Nationstar, Aurora, and other defendants. (*Id.*) The Court dismissed the Federal Case for lack of subject matter jurisdiction. (*Id.*, ECF No. 51.) Plaintiff ultimately exhausted his appellate rights. (*Id.*, ECF Nos. 67, 68, 69.)

[2]Based on the docket in the Foreclosure Case, there appears to have been extensive filings after the entry of summary on February 21, 2017. *See* https://www.washoecourts.com/index.cfm?page=casedesc&case_id=CV12-02785. The parties' status reports recite the proceedings after the entry of summary judgment in response to the Court's order. (ECF Nos. 70, 71, 73.)

filed. (ECF No. 68.) Accordingly, Plaintiff's motion to stay the Foreclose Case (ECF No. 65) is denied.

Plaintiff's Motion for Summary Judgment is denied as moot because the Court grants summary judgment in favor of Defendants, as discussed below[3]. Plaintiff's motion to file supplemental brief (ECF No. 61), where he essentially argued why the summary judgment entered by the state court in the Foreclosure Case is incorrect, is denied. To the extent Plaintiff disagrees with the state court, his recourse is to pursue available remedies in the state court.

**IV. DEFENDANTS' MOTIONS**

    **A.    Legal Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving

---

[3]The Court also denies Defendants' Motion to Strike (ECF No. 43) as moot.

party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.  Discussion**

The Court grants Defendants' Motion to Supplement (ECF No. 63) in light of the state court's granting of summary judgment in the Foreclosure Case because the issues raised in that case are so intertwined with the claims asserted in this case. The Court will therefore address whether Plaintiff is collaterally estopped from asserting the claims in this case. Because the Court finds that issue preclusion applies to bar Plaintiff's claims, the Court declines to address the other grounds asserted in Defendants' Motion for Summary Judgment.

/ / /

/ / /

A federal district court sitting in diversity should follow the forum state's law regarding issue preclusion[4]. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under Nevada law, issue preclusion requires that (1) the issue decided in the prior litigation is identical to the issue presented in the current action, (2) the initial ruling must have been on the merits and final, (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation, and (4) the issue was actually and necessarily litigated. *Five Star Capital Corp. v. Ruby,* 194 P.3d 709, 713 (Nev. 2008). If all four factors are satisfied, issue preclusion applies to prevent a party from bringing the same issue in a subsequent case. *See id.*; *see also Clark v. Clark*, 389 P.2d 69, 71-72 (Nev. 1964).

All four factors for finding issue preclusion are satisfied here. In the Foreclosure Case, the state court found that Plaintiff lacked standing to challenge the assignments as being fraudulent. This is the same issue that is the premise of Plaintiff's claims—that the Assignment is fraudulent. The state court granted summary judgment and subsequently entered judgment so the ruling is on the merits and is final. *See* discussion *supra* at Sect. II(B). Judgment in that case was entered against Plaintiff so the third factor is also satisfied. Finally, the fourth factor is met because the issue of whether the assignments are fraudulent was actually and necessarily litigated. In the Foreclosure Case, Plaintiff asserted that the assignments to Nationstar are fraudulent. (ECF No. 63-2 at 9.) The state court resolved this issue in favor of Nationstar and against Plaintiff by finding that Plaintiff lacked standing to assert that the assignments are fraudulent and Nationstar has the right to foreclose the Property. (*Id.*)

Because Plaintiff is precluded from relitigating the issue of whether the Assignment is fraudulent, Plaintiff cannot advance claims based on this same factual and legal premise against Defendants. Accordingly, the Court will grant summary judgment in favor

---

[4]Plaintiff asserts federal question jurisdiction and diversity jurisdiction. (ECF No. 9 at 4.) However, because the Complaint does not assert any claims to support federal question jurisdiction, the Court finds that this case is before the Court on diversity jurisdiction.

6

of Defendants based on issue preclusion.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the pending motions.

It is therefore ordered that Defendants' motion for leave to file supplemental brief (ECF No. 63) is granted.

It is further ordered that Defendant's motion for summary judgment (ECF No. 38) is granted.

It is further ordered that the remaining motions (ECF Nos. 41, 43, 45, 61, 65) are denied as moot.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 31st day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE