**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENN GALVAN, pro se, | No. 17-16930 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00632-MMD-VPC |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AKA MERS, AKA MERSCORP Holdings, Inc.; DEUTSCHE BANK NATIONAL TRUST COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 15, 2018[**]

Before:   SILVERMAN, BEA, and WATFORD, Circuit Judges.

Glenn Galvan appeals pro se from the district court's summary judgment in his diversity action arising from foreclosure proceedings. We have jurisdiction

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (issue preclusion); *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013) (cross-motions for summary judgment). We affirm.

The district court properly granted summary judgment for defendants on the basis of issue preclusion because the issue of whether the assignment of the loan was fraudulent was actually litigated and decided against Galvan in his prior action. *See Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713-14 (Nev. 2008) (en banc) (elements of issue preclusion under Nevada law).

The district court did not abuse its discretion by denying Galvan's requests for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (setting forth standard of review and circumstances under which judicial notice is inappropriate).

The district court did not abuse its discretion by denying Galvan's discovery requests because Galvan failed to demonstrate how the denial resulted in actual and substantial prejudice to him. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1085, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that district court's decision to deny discovery will not be disturbed unless there is a clear showing that the denial "results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Galvan's motion to stay. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (setting forth standard of review and explaining that district court "has broad discretion to stay proceedings as an incident to its power to control its own docket").

The district court did not abuse its discretion by denying Galvan leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

To the extent that Galvan seeks review of orders from his state court proceedings, we do not consider those orders as they are not properly before this court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**